**ORIGINAL**

# In The United States Court of Federal Claims

No. 15-212 C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: March 9, 2015)

**FILED**

MAR - 9 2015

U.S. COURT OF
FEDERAL CLAIMS

JOSE VASQUEZ,

          Plaintiff,

v.

THE UNITED STATES,

          Defendant.

### OPINION and ORDER

On March 3, 2015, Jose Vasquez (plaintiff) filed a complaint seeking $2 million in compensation relating to his treatment by the United States Bureau of Prisons. Plaintiff claims that he is entitled to this compensation under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

This court is solemnly obliged, on its own accord, to address obvious questions concerning its subject matter jurisdiction. *See Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). This court recognizes that plaintiff is acting *pro se* before this court, and thus the court will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Having reviewed plaintiff's complaint, this court is certain that it lacks jurisdiction to consider the claim that plaintiff raises.

With very limited exceptions, the jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the takings clause of the Fifth Amendment. *See United States v. Testan*, 424 U.S. 392, 397-98 (1976); 28 U.S.C. § 1491. With limited exceptions inapplicable here, cases sounding in tort are expressly excluded from the court's jurisdiction. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). In particular, this court lacks jurisdiction over the only statute cited by plaintiff in support of his jurisdictional claim – the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b),

2671-2680. *See also Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007); *Hill v. United States*, 118 Fed. Cl. 373, 384 (2014); *Golden v. United States*, 118 Fed. Cl. 764, 770-71 (2014). The court likewise lacks jurisdiction over any claims relating to plaintiff's treatment by officers or employees of the Bureau. *See Sellers v. United States*, 110 Fed. Cl. 62, 68-69 (2013).

Accordingly, the Clerk shall dismiss plaintiff's complaint for lack of jurisdiction.

**IT IS SO ORDERED.**

Francis M. Allegra
Judge